JAY CLAYTON
United States Attorney for the
Southern District of New York
Attorney for Plaintiff
By: JEREMY LISS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2795
Email: Jeremy.liss@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **COMPLAINT** |
| Plaintiff, | |
| | 25 Civ. 10470 |
| v. | |
| EDWARD H. FITZELLE; JANE CROES; CITIZENS BANK NA; JP MORGAN CHASE BANK; BARCLAYS BANK DELAWARE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; and JOHN DOES Nos. 1–10, | |
| Defendants. | |

Plaintiff the United States of America ("United States"), by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, alleges upon information and belief as follows:

## INTRODUCTION

1.    This is a civil action brought by the United States on behalf of the Internal Revenue Service (the "IRS") to (i) reduce to judgment certain federal tax liabilities of defendants Edward H. Fitzelle and Jane E. Croes (together, the "Taxpayers"), a married couple, for unpaid federal

taxes, penalties, and interest, and (ii) enforce the associated tax liens upon their residence at 132 Lyncroft Road, New Rochelle, New York 10804 (the "House").

2.      This action has been authorized and requested by a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States pursuant to the provisions of 26 U.S.C. §§ 7401 and 7403.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7403(a).

4.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396 because the Taxpayers reside in this District, the House is located in this District, and the tax liabilities giving rise to this action accrued while the Taxpayers resided in this District.

## THE PARTIES

5.      Plaintiff is the United States, on behalf of its agency the IRS.

6.      Defendant Edward H. Fitzelle is a natural person whose primary residence is 132 Lyncroft Road, New Rochelle, New York 10804.  He is the managing partner at Luntz, Suleiman & Associates, which operates as a consulting and investment banking firm.

7.      Defendant Jane E. Croes is a natural person whose primary residence is 132 Lyncroft Road, New Rochelle, New York 10804.  She is a partner at the law firm Emmet, Marvin & Martin, LLP.  The Taxpayers are a married couple.

8.      Citizens Bank, NA ("Citizen's Bank"), is a corporate entity with headquarters at One Citizens Plaza, Providence, Rhode Island 02903.  It is named as a defendant because it may have or may claim to have interests in or liens on the House.

9.      Defendant JPMorgan Chase Bank, NA ("Chase"), is a corporate entity with headquarters at 1111 Polaris Pkwy, Columbus, Ohio 43240, and 270 Park Avenue, New York, New York 10017.  Chase is named as a defendant because it may have or may claim to have interests in or liens on the Apartment.

10.     Barclays Bank Delaware is a corporate entity with headquarters at 125 S West St., Wilmington, Delaware 19801.  It is named as a defendant because it may have or may claim to have interests in or liens on the House

11.     Defendant the New York State Department of Taxation and Finance ("NYSDTF") is an agency of New York State, with its principal place of business at W. A. Harriman Campus, Albany, NY 12227.  NYSDTF is named as a defendant because it may have or may claim to have an interest in the proceeds of any sale of the House.

12.     Defendants John Does Nos. 1–10 are fictitious persons or entities, unknown to the United States as of the filing of this complaint, who may have or claim to have an interest in the House or in this action.

## CLAIMS FOR RELIEF

### COUNT I: REDUCE UNPAID FEDERAL TAX LIABILITY TO JUDGMENT

13.     The United States repeats and re-alleges the allegations in paragraphs 1 through 12 as though set forth fully herein.

14.     On the dates indicated below, a duly authorized delegate of the Secretary of Treasury made the following assessments against the Taxpayers for deficiencies in the payment of their federal income taxes for the years 2014 through 2018, and 2023.  These liabilities had the balances listed below due as of December 8, 2025, which include assessed and accrued late-filing and late-payment penalties under 26 U.S.C. § 6651, penalties for failure to make estimated tax

payments under 26 U.S.C. § 6654, miscellaneous penalties, costs, and statutory interest, and applies any abatements, payments, and credits. The table below also lists the Collection Statute Dates for the tax liabilities at issue—i.e., the dates on which the IRS's statute of limitations to collect these obligations expires.

| Tax Period | Assessment Date | Collection Statute Date | Amount Assessed | Balance Due[1] (as of 12/08/2025) |
|---|---|---|---|---|
| 2014 | 11/30/2015 | 12/30/2025 | $96,317.00 | $190,354.39 |
| 2015 | 12/05/2016 | 1/4/2027 | $96,219.00 | $157,539.32 |
| 2016 | 11/20/2017 | 12/20/2027 | $101,951.00 | $238,804.96 |
| 2017 | 11/19/2018 | 12/19/2028 | $142,346.00 | $270,290.58 |
| 2018 | 11/18/2019 | 12/18/2029 | $90,085.00 | $163,785.32 |
| 2023 | 12/02/2024 | 6/29/2035 | $87,663.00 | $70,716.77 |
| Total | | | $614,581.00 | $1,091,491.34 |

15.    The IRS has issued notices of assessment and demands for payment to the Taxpayers for all of these obligations. Despite proper notice and due demand by the IRS, the Taxpayers have failed, neglected, or refused to pay the full amount of the assessed liabilities.

16.    The total balances due in the above table reflect unpaid assessed balances and accrued penalties and interest as of December 8, 2025. Interest, penalties, and other statutory additions have continued to accrue on the outstanding obligations according to law.

---

[1]    This column reflects the assessed amounts plus accrued additional interest, penalties, and statutory additions calculated through December 8, 2025, reduced by the amount of any abatements, payments, or credits applied to each tax year.

17.    By reason of the foregoing, and pursuant to 26 U.S.C. §§ 6321 and 6322, federal tax liens in favor of the United States arose as of the dates of the assessments and attached to all property and rights to property of the Taxpayers, including the House.

18.    By this action the United States seeks to reduce the aforementioned tax assessments to judgment.

### COUNT II: Foreclosure on the House

19.    The allegations in paragraphs 1 through 18 above are repeated and realleged as though set forth fully herein.

20.    The federal tax liens arising in favor of the United States, described in paragraph 17 above, attached to all property or rights to property the Taxpayers owned as of the dates of each of the federal tax assessments.  By this action the United States seeks to foreclose its liens against the House.

21.    The House is an approximately 4,338-square-foot home built in 1910 with five bedrooms and four and a half bathrooms, on a wooded 0.56-acre lot.

22.    The Taxpayers bought the House in 2000 and own it as Tenants by the Entirety.

23.    Upon information and belief, the Taxpayers are today the sole owners and occupants of the House.

24.    The federal tax liens against all property and rights to property of the Taxpayers attached to their interest in the House on the dates the assessments were made, and the liens have remained attached to the House from those dates to the present.

25.    The IRS has filed Notices of Federal Tax Lien ("NFTL") in the County Clerk's Office of Westchester County, New York, reflecting the Taxpayers' federal tax liabilities.  For certain years, the IRS has refiled the NFTLs in accordance with 26 U.S.C. § 6323(g)(3), which requires refiling such notices during the one-year period ending 30 days after expiration of 10 years

from the date of the tax assessment. The filing and, where applicable, refiling dates of the NFTLs are as follows:

| Tax Year | Taxpayer Name(s) | NFTL Filing Date | NFTL Refiling Date |
|----------|------------------|------------------|--------------------|
| 2014 | Edward Fitzelle | 9/25/2019 | 01/10/2025 |
| 2014 | Jane Croes | 9/25/2019 | 01/10/2025 |
| 2015 | Edward Fitzelle | 9/25/2019 | N/A |
| 2015 | Jane Croes | 9/25/2019 | N/A |
| 2016 | Edward Fitzelle | 9/25/2019 | N/A |
| 2016 | Jane Croes | 9/25/2019 | N/A |
| 2017 | Edward Fitzelle | 9/25/2019 | N/A |
| 2017 | Jane Croes | 9/25/2019 | N/A |
| 2018 | Edward Fitzelle and Jane Croes | 12/20/2019 | N/A |
| 2023 | Edward Fitzelle and Jane Croes | 01/15/2025 | N/A |

26.     The federal tax liens have not been satisfied.

27.     Citizens Bank, Chase, Barclays Bank Delaware, NYSDTF, and John Does Nos. 1–10 are parties to this action because they may have or claim to have interests in the proceeds of any sale of the House.

28.     No other action has been commenced at law or otherwise for the recovery of this sum or any part thereof.

29.     Accordingly, the IRS's liens against the Taxpayers should be enforced against the House, pursuant to 26 U.S.C. § 7403.

WHEREFORE, the plaintiff, the United States, demands judgment:

a)     awarding the United States and reducing to judgment in its favor the amount of the assessed and accrued federal tax liabilities of the Taxpayers for tax years 2014 through 2018 and 2023, as described in paragraph 14 above, including taxes, penalties, interest, fees, and statutory

additions, which, as of December 8, 2025, total $1,091,491.34, plus interest, penalties, and statutory additions accruing thereon from that date to the date of judgment according to law, less any payment made and accredited against the foregoing;

b)    declaring that the Taxpayers' interests in the House are subject to valid and existing federal tax liens;

c)    declaring that the Taxpayers, and all other persons whose interest in the House is subordinate to or recorded after the attachment of the IRS's liens, be forever barred and foreclosed from all right, title, claim, lien or other interest in the House, except if (and solely to the extent that) the IRS's claims are fully satisfied and additional value remains;

d)    directing the foreclosure of the federal tax liens upon the House and the sale of the House by an officer of this Court, with the proceeds attributable to be applied, after the payment of any interests senior to that of the United States, to the debt due the United States under the liens, together with interest to the date of payment, plus costs and disbursements of this action (and if the IRS's claims are fully satisfied and additional value remains, to the holders of any subordinate claims, in order of their seniority);

e)    adjudging the Taxpayers liable for a deficiency judgment, in the event of a deficiency in the amount collected upon the sale of the House compared to the IRS's claims, in the amount of any such deficiency; and

f)    granting the United States its costs, disbursements, and such further relief against the Taxpayers as the Court may deem just and proper.

Dated: December 17, 2025
     New York, New York

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York
                              Attorney for Plaintiff

                By:    */s/ Jeremy M. Liss*
                              JEREMY M. LISS
                              Assistant United States Attorney
                              86 Chambers Street, 3rd floor
                              New York, New York 10007
                              Telephone: (212) 637-2795
                              Email:  Jeremy.liss@usdoj.gov